UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSE L TOVAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:24-CV-00167 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING IN PART AND RECOMMITTING IN PART
MEMORANDUM AND RECOMMENDATION TO DISMISS ACTION**

Pending before the Court is Plaintiff's complaint (D.E. 1, 11, 14) for initial screening under the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A. On October 4, 2024, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation (M&R, D.E. 12), recommending that Plaintiff's action be dismissed. After obtaining an extension of time, Plaintiff timely filed his objections (D.E. 19) on November 5, 2024.

Plaintiff, a federal inmate, filed this suit against the United States for a sexual assault allegedly perpetrated by the prison doctor, Michael Mank. He originally complained of violations of the Eighth Amendment's prohibition against cruel and unusual punishment. D.E. 1. But he later amended his complaint to assert claims only under the Federal Tort Claims Act (FTCA). D.E. 11. The Magistrate Judge recommends dismissal because the United States has sovereign immunity from civil liability and the FTCA's waiver of that

immunity excepts claims for intentional torts.   Moreover, Dr. Mank is not a law enforcement officer such that his acts trigger the statutory exception to the intentional torts exception.

First, Plaintiff objects that Dr. Mank's position, as an employee of the commissioned corps of the United States Public Health Service, makes him liable under the FTCA.  D.E. 19, p. 1 (citing 42 U.S.C. § 233(a)).  Section 233(a) is a jurisdictional provision that does not grant any remedies.  Furthermore, the Magistrate Judge found that, while the FTCA applies, it does not provide Plaintiff a remedy under the facts alleged in this case.  The objection is therefore **OVERRULED**.

Second, Plaintiff objects that his allegations encompass a negligence claim because it is arguable that Dr. Mank was acting within the course and scope of employment, such that the intentional torts exception to the FTCA's waiver of sovereign immunity does not apply.  D.E. 19, p. 2.  He further objects, arguing that it is a question of fact for the jury whether Dr. Mank's actions were within the scope of employment and had a dual motive— both a negligent medical procedure and an intentional tort.  *Id*., p. 4.[1]  He complains that dismissal is premature and seeks an opportunity to conduct discovery to substantiate his claim.  *Id*., p. 6.

The FTCA states:

> The head of each Federal agency or his designee, in accordance with regulations prescribed by the Attorney General, may consider, ascertain, adjust, determine, compromise, and settle

---

[1]  Plaintiff's objections appear in a document of ten pages.  Pages five and six have been scanned in reverse order.  References herein are to the scanned—not the original—pagination.

> any claim for money damages against the United States for
> injury or loss of property or personal injury or death caused by
> the negligent or wrongful act or omission of any employee of
> the agency *while acting within the scope of his office or
> employment*, under circumstances where the United States, if
> a private person, would be liable to the claimant in accordance
> with the law of the place where the act or omission occurred .
> . . .

28 U.S.C. § 2672 (emphasis added).  To fall within the waiver of sovereign immunity

provided by the FTCA, the defendant must have been working in the course and scope of

employment. Consequently, when adjudicating the exception applicable to intentional

torts, it is assumed that the intentional tort took place in the course and scope of

employment and is still not actionable—not because it fell out of the course and scope, but

because it was a specified intentional tort.

> The provisions of this chapter and section 1346(b) of this title
> shall not apply to—
>
> . . .
>
> (h) Any claim arising out of *assault, battery*, false
> imprisonment, false arrest, malicious prosecution, abuse of
> process, libel, slander, misrepresentation, deceit, or
> interference with contract rights

28 U.S.C. § 2680 (emphasis added).

To be excluded from the waiver of sovereign immunity, the issue is not whether the

conduct was outside the course and scope of employment.  Legally, the only issue here is

whether the claim arises out of assault or battery.  Therefore, Plaintiff's briefing of the

issues related to a finding of course and scope of employment are moot.  The objections

3 / 9

based on any question of whether Dr. Mank's intentions were consistent with his scope of employment and whether he might have had a dual intent are legally misdirected.

Factually, any suggestion that Dr. Mank's conduct can be characterized as negligent rather than intentional is contrary to Plaintiff's clear, positive, and direct testimony at his *Spears* hearing, which includes:

- Dr. Mank called Plaintiff back into an empty office without an appointment;

- Plaintiff tried not to go as directed because he did not ask for, or need, any medical treatment;

- Plaintiff did not effectively consent to any treatment or sexual conduct;

- Plaintiff went with Dr. Mank and cooperated with the order to disrobe only under threat of disciplinary action;

- Dr. Mank sexually molested Plaintiff in private; and then—

- When a nurse unexpectedly entered the room without announcement or permission—Dr. Mank purported to conduct a routine rectal examination with unnecessary force; and

- Dr. Mank had already conducted such an exam (with a proper appointment and attendants and without such force) only one month earlier, such that Plaintiff clearly was not due for another such exam.

Such facts are consistent only with a finding that Dr. Mank committed assault or battery against Plaintiff. Therefore, any action arising from the incident, however characterized, is excluded from the waiver of sovereign immunity under the FTCA.

The objections that Plaintiff may have a claim for Dr. Mank's negligence in the course and scope of employment and that a fact question requires discovery and a jury trial are **OVERRULED**.

Third, Plaintiff objects, arguing that Dr. Mank qualifies as a law enforcement officer, making his intentional tort actionable against the United States as an exception to the intentional tort exception to the FTCA waiver of sovereign immunity. D.E. 19, p. 3. The Magistrate Judge's conclusion that Dr. Mank's position does not qualify him for the law enforcement exception is based on the definition, "'investigative or law enforcement officer' means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." 28 U.S.C. § 2680(h).

For the interpretation that Dr. Mank is an investigative or law enforcement officer, Plaintiff cites *Carlson v. Green*, 446 U.S. 14 (1980). However, that case did not address the actions of a healthcare professional. Instead, the allegation was that prison officials intentionally housed the plaintiff in a facility without adequate medical care and that they denied him medical evaluation and hospitalization. *Id.* at 16 n.1. The *Carlson* case addressed the parallel operation of the FTCA and a *Bivens* action, but offers no analysis on how to apply the law enforcement officer exception. It does not support Plaintiff's blanket

assertion that any person working at a facility operated by the Bureau of Prisons is a law enforcement officer.

Plaintiff also cites *Ali v. Federal Bureau of Prisons*, 552 U.S. 214 (2008). That case does address the application of the law enforcement exception, but does not—as Plaintiff argues—suggest that any worker at a BOP facility qualifies as a law enforcement officer. *Ali* was concerned with whether the customs officers referenced in 28 U.S.C. § 2680(c) limited the more inclusive reference to "any other law enforcement officer" in the same provision to those involved in customs actions as opposed to prison inmate property actions. At issue was whether prison law enforcement officers could be held liable for detaining a prisoner's property when the prisoner was transferred to a different facility. The Court held that prison law enforcement officers were included in the reference to "any other law enforcement officer," refusing to limit the term to customs officers. *Id*. at 227-28. According to the Court, the broad use of "any" law enforcement officer does not distinguish between agencies of law enforcement. But that analysis still does not inform the understanding of what makes an employee a law enforcement officer.

The Fifth Circuit has held more directly that "a BOP official is a federal law enforcement officer." *Chapa v. U.S. Dep't of Just.*, 339 F.3d 388, 390 (5th Cir. 2003). While this is not equivalent to finding that all persons working at a BOP correctional facility—as opposed to all BOP officials—are law enforcement officers, the opinion does offer some guidance for its interpretation. That decision was based on three different contexts in which the government treats all BOP officials as such officers: (a) eligibility

for Civil Service premium pay, for retirement benefits, and for survivorship annuities; (b)

eligibility of a family member of a BOP officer for Public Safety Officers' Death Benefits;

and (c) the fact that one who fatally injures a BOP employee, while the employee is

engaged in his official duties, can be charged with the offense of killing a "law enforcement

officer." *Id.*

Plaintiff has not demonstrated that any law or regulation provides similar law

enforcement treatment to an employee of the United States Public Health Service who

works at a BOP facility.  A search for cases equating law enforcement with public health

services revealed that the opposite is true.  They are treated as separate categories of federal

employees.  *See e.g., Harris v. McRae*, 448 U.S. 297, 302 (1980) (addressing the Hyde

Amendment, which allows federal funding for abortions only in the instance of a threat to

the health of the mother or for pregnancies resulting from rape, or incest, "when such rape

or incest has been reported promptly to a law enforcement agency *or* public health

service.") (emphasis added).

As Plaintiff contends that Dr. Mank is a United States Public Health Service

employee, without any reference to the power to execute searches, seizures, or arrests,

Plaintiff has failed to show any error in the Magistrate Judge's analysis. The objection that

his claim falls within the law enforcement exception to the intentional tort exception to the

FTCA waiver of sovereign immunity is **OVERRULED**.

Fourth, Plaintiff objects, arguing that the United States had a duty to protect Plaintiff

from reasonably known dangers as a medical patient under Texas law.  D.E. 19, p. 5.  In

that regard, he relies on cases applying *Sheridan v. United States*, 487 U.S. 392 (1988). The issue is whether the United States breached a duty that it owed to Plaintiff separate and apart from any vicarious liability for Dr. Mank's conduct.  This issue was not presented to the Magistrate Judge.  The Court **RECOMMITS** the case to the Magistrate Judge for consideration of this issue in the first instance.

Fifth, Plaintiff objects that the M&R does not address his claim for intentional infliction of emotional distress.  D.E. 19, p. 8.  This claim arises out of the alleged sexual assault and suffers the same fate under the § 2680(h) exception from the waiver of immunity.  The objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge and **DISMISSES** all claims based on the United States' alleged liability for the acts of Dr. Mank as an employee.  However, the Court **RECOMMITS** the case to the Magistrate Judge for consideration in the first instance of Plaintiff's theory of direct liability against the United States for the alleged breach of its own duty of care owed to Plaintiff independent of its vicarious liability.

**ORDERED** on January 23, 2025.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE