United States District Court
Southern District of Texas
**ENTERED**
October 06, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSE L TOVAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:24-CV-00167 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER ADOPTING MEMORANDUM AND RECOMMENDATION</u>

Pending before the Court is Defendant United States of America's (the Government's) Motion to Dismiss (D.E. 39). On June 13, 2025, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation (M&R, D.E. 42), recommending that the Government's motion be granted and that Tovar's action be dismissed for want of jurisdiction for failing to exhaust administrative remedies. After obtaining an extension of time, Tovar timely filed his objections (D.E. 44) on July 1, 2025. The Government responded (D.E. 47).

## ISSUE AND PROCEDURAL CONTEXT

The Magistrate Judge concluded that Tovar's single remaining claim—stated as a violation of the Federal Tort Claims Act (FTCA)—must be dismissed for want of jurisdiction because, at the time the case was filed, the FTCA claim was not administratively exhausted. This has been held to be a jurisdictional defect that cannot be cured by the passage of time. The Government seeks dismissal with prejudice because any refiling of the claim would be barred by limitations.

1 / 12

Tovar objects, arguing that his FTCA claim is proper because it was a new claim in the case filed for the first time in an amended complaint after administrative exhaustion. He claims that the only context in which it is proper to dismiss an amended complaint raising an FTCA claim is when the case already contained a prematurely-filed FTCA claim.

To be clear, the Court evaluates the arguments under the following timeline:

| | |
|---|---|
| August 18, 2022 | Dr. Mank allegedly sexually assaulted Tovar while Nurse Thompson watched. D.E. 1, p. 2. |
| May 15, 2024 | Tovar filed an administrative claim (dated March 6, 2024) with the United States Bureau of Prisons reciting Dr. Mank's sexual assault while Nurse Thompson observed and claiming:<br><br>    Sexual assault and battery; and<br><br>    Intentional infliction of emotional distress.<br><br>D.E. 39-1, 39-2, 39-3. |
| July 29, 2024 | Tovar filed this action against the United States and Dr. Mank seeking money damages and citing the holding of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The facts state the nature of the sexual assault and that it was witnessed by Nurse Thompson, and Tovar complains that:<br><br>    Dr. Mank sexually assaulted him in violation of the Eighth Amendment (deliberate indifference to prisoner safety and cruel and unusual punishment). D.E. 1, p. 4.<br><br>    The United States was deliberately indifferent in allowing the abuse to take place. *Id*. |
| August 18, 2024 | As measured from the date of the incident, the FTCA two-year statute of limitations expired, if not extended by the administrative claim process. 28 U.S.C. § 2401(b). |
| August 26, 2024 | The government denied Tovar's administrative claim. D.E. 11, p. 1; D.E. 11-2. |
| September 4, 2024 | The Magistrate Judge conducted a *Spears*[1] hearing and warned Tovar that his claims may not be viable, recommending that he read certain case opinions. The Magistrate Judge further inquired about Tovar's compliance with administrative remedies and ordered Tovar to file an amended complaint. D.E. 14. |

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

| | |
|---|---|
| September 11, 2024 | Tovar filed his first amended complaint reciting the same facts and requesting money damages, but dropping the reference to the Eighth Amendment and *Bivens*, and pleading the following claims pursuant to the FTCA against the United States:<br><br>Vicarious liability for Dr. Mank's conduct.  D.E. 11, p. 1.<br><br>A violation of Texas common law for assault.  *Id.*, p. 4.<br><br>Intentional infliction of emotional distress.  *Id.* |
| January 23, 2025 | The Court dismissed all of Tovar's claims against the United States based on the conduct of its employee, Dr. Mank, but recommitted the case for evaluation of a *Sheridan*[2] claim, which had been argued, but not pled. |
| February 24, 2025 | Tovar filed his second amended complaint.  D.E. 27. He repeats the claims in his first amended complaint and adds the following claims pursuant to the FTCA:<br><br>A Texas common law premises liability claim.  *Id.*, p. 5.<br><br>A Texas common law negligence claim for failure to prevent sexual assaults by Dr. Mank in a healthcare setting.  *Id.*, p. 6.<br><br>A Texas common law negligence claim with respect to allowing Nurse Thompson to fail to intervene to prevent a sexual assault. *Id.*, p. 7.<br><br>An intentional infliction of emotional distress claim based on Nurse Thompson's inaction.  *Id.*, p. 8. |
| February 26, 2025 | The FTCA extended limitations period expired, six months from denial of Tovar's administrative claim. 28 C.F.R. § 14.9.[3] |

In essence, Tovar contends that his *Bivens* claims were Eighth Amendment constitutional claims, not FTCA claims, so he did not run afoul of any FTCA exhaustion requirement when he filed his original complaint. Defendant counters that, once Tovar filed

---

[2] *Sheridan v. United States*, 487 U.S. 392, 401 (1988) ("the negligence of other Government employees who allowed a foreseeable assault and battery to occur may furnish a basis for Government Liability that is entirely independent of the [tortfeasor's] employment status.").

[3] Because the extended limitations period has expired, the Government asserts (without having filed an objection) that this action should be dismissed with prejudice. *See* D.E. 47, p. 3. Dismissals for lack of subject matter jurisdiction are ordinarily without prejudice and the Court declines to alter the Magistrate Judge's conclusion in this regard. *See* D.E. 42, p. 14 & n.6.

suit alleging any legal theory based on the same transaction or occurrence, any new claims relate back under Federal Rule of Civil Procedure 15(c). Therefore, the only way to preserve an FTCA claim until it is exhausted is to refrain from filing any other claim for money damages against the United States arising out of the same facts in the meantime.

## DISCUSSION

### A. Plain Language

First, Tovar objects to the M&R, arguing that the FTCA's statutory language establishing the exhaustion requirement clearly anticipates a claim-by-claim analysis:

> An *action* shall not be instituted *upon a claim* against the United States for money damages for injury or loss of property or personal injury or death caused by the *negligent or wrongful act or omission of any employee* of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the *claim* to the appropriate Federal agency and his *claim* shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a) (emphasis added). In this regard, he differentiates the initial pleading of a claim based on Dr. Mank's sexual assault (an intentional tort evaluated under constitutional principles) from the amended pleading of a claim based on Nurse Thompson's failure to intervene (a matter of negligent failure to safeguard Tovar) and the Government's complicity in Nurse Thompson's failure.[4]

---

[4] Tovar also argues the holding in *Ibrahim v. Dep't of Homeland Security*, 538 F.3d 1250, 1258 (9th Cir. 2008). There, the tort claim was filed in the original complaint and no effort was made to exhaust remedies under the FTCA. But the Ninth Circuit intimated that the plaintiff could have preserved the FTCA claim by seeking abatement of the case for the purpose of exhausting administrative remedies. This case does not help Tovar because he also did not seek abatement. And his argument that little happened in the case during the time the FTCA claim was being exhausted does not change the fact that the United States was called upon to defend the case before it had an opportunity to evaluate the claim in the administrative phase. That argument was rejected by the Supreme Court in *McNeil v. United States*, 508 U.S. 106, 109-13 (1993).

Tovar's plain-language argument is a double-edged sword. If the analysis depends on precision in stating the claim, the evaluation of the claim should be the same for both the matter administratively exhausted and the matter litigated.  Logically, that means that, if the amended complaint raising a *Sheridan* claim for the government's complicity in Nurse Thompson's failure to intervene is separate and apart from Dr. Mank's perpetration of sexual assault witnessed by Nurse Thompson, then the *Sheridan* claim was not exhausted by Tovar's administrative claim, which addressed only Dr. Mank's conduct.  It addressed only sexual assault and intentional infliction of emotional distress.  D.E. 39-2.

Because Tovar's plain-language argument does not preserve his claim either way, the Court declines to determine which construction defeats him.  Either (1) the comparative claims have to be precisely circumscribed by legal theory, in which case Tovar did not exhaust the *Sheridan* claim, or (2) the comparative claims are generally circumscribed by the factual transaction or occurrence, in which case Tovar filed the action prior to exhausting all of his claims based on those facts, defeating jurisdiction.

The Court **OVERRULES** Tovar's objections based on a plain-language analysis of the FTCA exhaustion of administrative remedies statute.

### B.  Artful Pleading

Tovar argues that the cases reveal a pattern.  If the pre-exhaustion claim is expressly stated as an FTCA claim, then no amendment can cure the jurisdictional defect.  But if the pre-exhaustion claim was not expressly stated as an FTCA claim, then the FTCA claim can be added by amendment post-exhaustion with no jurisdictional issue. D.E. 44, p. 4. While his original claims were brought against the United States for money damages caused by the same

factual scenario, he points out that they were labeled as Eighth Amendment and *Bivens* claims, not FTCA claims. And, incidentally, his focus has shifted from liability for Dr. Mank's action to liability for Nurse Thompson's inaction.

Tovar cites *Valadez-Lopez v. Chertoff*, 656 F.3d 851 (9th Cir. 2011), in which the Ninth Circuit stated, "There is nothing in the statute or our case law that would prevent a plaintiff from amending an existing complaint asserting non-FTCA claims to name the United States as a defendant and include FTCA claims once those claims have been administratively exhausted." *Id*. at 856. This is a common theme in the caselaw on which Tovar has seized.[5,6] But nothing in those cases permitting a post-exhaustion amendment involved a pre-amendment claim against the United States for monetary damages arising out of tort liability—an FTCA claim asserted under some other name. Rather, in *Chertoff*, the United States was not brought in as a party until, post-exhaustion, it was named as a defendant in the new FTCA claim.[7]

---

[5]  Tovar relies on the following cases, along with others cited in the M&R, in his objection: *Smith v. Olsen*, 455 F. App'x 513, 516 (5th Cir. 2011) (the amended claims were deemed exhausted during the pendency of the case because "these claims were so unrelated to his original complaint that they ultimately became a separate lawsuit."); *Thomas v. Mace-Leibson*, No. 1:14-CV-02316, 2015 WL 7736737, at *3 (M.D. Pa. Dec. 1, 2015) (previous *Bivens* claim brought only against individual prison staff did not preclude amendment to include FTCA claim against the United States); *Grancio v. De Vecchio*, 572 F. Supp. 2d 299, 311 (E.D.N.Y. 2008) (FTCA claim was held properly exhausted because the initial complaint was made against only the individual employees and the United States had not certified that they were United States employees, which allows substitution of the United States as the defendant, until after the claim was exhausted. *See* 28 U.S.C. § 2679(d) (mechanics of converting a claim against individual employees to claims against the United States)); *Vitrano v. United States*, No. 06 CIV. 6518 (JCF), 2008 WL 1752221 (S.D.N.Y. Apr. 16, 2008) (claim against agents for equitable relief did not preclude later addition of an entirely new FTCA claim for damages against the United States).

[6]  Tovar also cites the following case, which is inapposite: *Alexander v. Harris*, No. W-16-CA-333-RP, 2018 WL 11488858 (W.D. Tex. Sept. 5, 2018) (not an FTCA case against the United States; interpretation of PLRA exhaustion requirement where initial leniency in considering proposed amended pleading resulted in dismissal of all claims on the merits).

[7]  The claim was ultimately dismissed because the claim fell outside the FTCA's waiver of sovereign immunity. *Chertoff*, 656 F.3d. at 854.

Here, Tovar sued the United States from the outset—prior to exhaustion—regarding wrongful employee acts or omissions and seeking monetary damages. This defeats his argument.

> The question presented is not, as the plaintiffs suggest, whether the initial complaint was explicitly based on FTCA jurisdiction but whether that pleading advanced claims against the United States for money damages for injury 'caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . .' 28 U.S.C. § 2675(a)."

*Schneider v. Kissinger*, 310 F. Supp. 2d 251, 269 (D.D.C. 2004), *aff'd*, 412 F.3d 190 (D.C. Cir. 2005).

On this argument, the Government challenges Tovar's citation of *Rodgers v. Mammoth Cave National Park*, No. 1:16CV-00022-GNS, 2017 WL 101316 (W.D. Ky. Jan. 10, 2017). D.E. 47. *Rodgers* involved an initial complaint for violation of duties owed to vessel passengers under admiralty jurisdiction. When the pre-exhaustion admiralty case was subject to dismissal because the vessel was not in navigable waters at the time of the incident, the court allowed a post-exhaustion FTCA claim for ordinary tort liability under FTCA jurisdiction. Under that court's precedent, it treated the issue as discretionary and the decision to permit amendment as a common-sense alternative to filing a second (FTCA) action that would likely be consolidated with the first (admiralty).

The Court agrees with the Government's challenge to the use of this case as an outlier that should not have permitted the FTCA claim to proceed. It had not been exhausted prior to the original complaint for money damages arising out of the wrongful conduct of a government employee, regardless of the label placed on the cause of action or the alleged

jurisdictional basis. The *Rodgers* court's treatment of the admiralty claim as materially different from the FTCA claim is contrary to the language of the exhaustion requirement and fails to consider Rule 15(c) relation back principles. *Schneider*, which was decided after *Rodgers* and was affirmed by the D.C. Circuit, has the better argument and contrary result. At any rate, *Rodgers* is not binding precedent in this Court. *See Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995) (precluding the passage of time from curing the jurisdictional issue created by filing an unexhausted claim).

The Court **OVERRULES** Tovar's objection that, by labeling his premature claim as something other than as an FTCA claim, its filing was not subject to the exhaustion analysis.

### C.  Rule 15(c) Relation-Back

On the other side of the same coin as artful pleading is the relation-back provision of Federal Rule of Civil Procedure 15(c).  As a substantive matter, refusing to countenance artful pleading prevents the use of artificial labels to limit the true nature of the claim.  Relation-back, as a procedural matter, ensures that new claims related to the same facts asserted in an original complaint may be brought as if they had been included in the original complaint. While the substantive issue is sufficient to dispose of this action, the Court addresses Tovar's objections regarding the procedural issue.

The Government argues that any complaint arising from the same facts as those stated in the original complaint will relate back temporally to that original complaint. More specifically, the Government argues that an amended complaint cannot cure the jurisdictional defect of an unexhausted FTCA claim because—in this case—any claim arising from the sexual assault incident will relate back to the original complaint pursuant to Federal Rule of

Civil Procedure 15(c). In relevant part, the rule states: "An amendment to a pleading relates back to the date of the original pleading when: . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out— in the original pleading . . . ." Rule 15(c)(1)(B). Tovar asserts a number of counter-arguments.

**Purpose is Only to Avoid Limitations**. Tovar asserts that Rule 15(c) has no application here because its purpose is only to avoid a limitations bar to a claim. But limitations is only one of the three separate applications it lists. Rule 15(c)(1)(A) specifies that relation-back applies when permitted by the statute of limitations. However, Rule 15(c)(1)(B) applies relation-back (without mention of limitations) when the claim arose out of the same conduct. And Rule 15(c)(1)(C) applies relation-back when a new party is added who had timely notice and knew of a mistake in naming a different party. While each of these applications may affect limitations, nothing in Rule 15(c) limits the effect of relation-back.

**Operative Element**. Tovar argues that the "conduct, transaction, or occurrence" trigger for relation-back refers not to the factual basis for the claim (sexual assault), but to either the legal theory for recovery (*Bivens* versus FTCA) or the identity of the individual whose conduct is the direct impetus for the claim (Dr. Mank versus Nurse Thompson). This argument ignores the part of the rule that refers to a claim or defense arising out of the conduct or occurrence. The common element is obviously the fact scenario, whereas the new and different element is the liability theory—claim or defense—being added or substituted.

According to the Supreme Court, "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims. *Mayle v. Felix*, 545 U.S. 644, 659 (2005) (citations omitted). It is well-settled that "As long as the amended

9 / 12

complaint refers to the same transaction or occurrence that formed the basis for the original complaint and the defendant was put on notice of the claim by the first complaint, there will be no bar to amendment; even *new defendants* and *new theories of recovery* will be allowed." *Williams v. United States*, 405 F.2d 234, 237 (5th Cir. 1968) (quoting *Travelers Ins. Co. v. Brown*, 338 F.2d 229, 234 (5th Cir. 1964) (emphasis added)). It is the fact scenario, not the legal theory or named parties involved, that determines whether a complaint relates back. *Johnson v. Miller*, 126 F.4th 1020, 1030 (5th Cir. 2025).

Here, the fact scenario that Tovar pleads is the same throughout his original, first amended, and second amended complaints as well as his administrative claim: a sexual assault perpetrated by Dr. Mank and passively witnessed by Nurse Thompson. That is the core of operative facts to trigger relation-back under Rule 15(c). It does not matter that Tovar has shifted his liability theory or his focus from Dr. Mank to Nurse Thompson in seeking compensation for this horrific bodily violation.

**Prior Pleading Rendered Null**. Last, Tovar argues that—by operation of Rule 15— the original complaint is rendered non-existent and thus cannot support a finding that his claim was filed prior to exhaustion of administrative remedies. D.E. 44, p. 12 (citing *Forsyth v. Humana, Inc*., 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999)). *Forsyth* only holds that, when an amended complaint does not carry certain claims or parties forward, it is deemed to have dismissed them. That does not change the fact that the prior pleading remains historically relevant for relation-back and limitations purposes. *See* Mary Kay Kane & Howard M. Erichsonn, 6 Fed. Prac. & Proc. § 1476 (3d ed.). If the original complaint were

truly rendered void, there would be no relation-back principle—there would never be anything to relate back to, regardless of the circumstances or purpose.

Moreover, Tovar's argument would defeat the purposes of an administrative exhaustion requirement because it would encourage parties to file a lawsuit against the United States on theories including an FTCA claim prematurely—before providing the government an opportunity to evaluate and settle the claim—only to amend it post-exhaustion in some nonmaterial manner in order to revive it. The Government would be faced with simultaneously defending the lawsuit and processing the administrative claim, which serves no purpose while substantially increasing the Government's burden.

The Court **OVERRULES** Tovar's objections addressed to the purpose, operation, and import of Rule 15(c).

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Tovar's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Tovar's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly,

Defendant's Motion to Dismiss (D.E. 39) is **GRANTED** and this action is **DISMISSED WITHOUT PREJUDICE**.

      **ORDERED** on October 6, 2025.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE